SUSAN CUNDIFF, ET AL., *v.* D. M. RODMAN, ET AL.

**Attorney and Client.**

 Where the husband employs an attorney for himself and not for his wife, his wife's real estate is not liable to be sold to pay such attorney's fees.

**Contest of Will.**

Where attorneys are employed to contest a will and their employ-
ment results in defeating the will, they have no lien on the property
which descends to the heirs for their compensation. They recover
nothing upon which a lien could attach.

APPEAL FROM BULLITT CIRCUIT COURT.

March 8, 1877.

OPINION BY JUDGE ELLIOTT:

James B. Cundiff died in Bullitt county after having made a will
which was probated in the Bullitt County Court. Whereupon W. P.
Cundiff, Marcus Engle, Charles Engle and George Warden, who had
married daughters of W. B. Cundiff, employed the appellees as their
attorneys to contest the right of those offering the will to have it
probated. The appellees attended to the case in the circuit court and
this court, but in this court it was decided that the will offered for
probate was not the last will and testament of J. B. Cundiff, and
appellees' claim that by this decision they have a lien on all the real
estate inherited by the wives of the four husbands who employed
them. Such is not our opinion. In order for an attorney to have an
enforcible lien for his fee his client must recover either money or real
estate or personal property in the action, by virtue of which the at-
torney claims the lien.

In this action to defeat the will of Cundiff the appellants recovered
nothing against which to enforce a lien. The court only decided that
the will of J. B. Cundiff was invalid, and left his property to go to his
heirs according to the laws of descent and distribution. The heirs
who contested the will by defeating it did not recover any property,
real or personal. They only set aside their father's will and left his
property to descend to his heirs according to law.

But appellees must fail to enforce their lien for another reason.
The wives of the four men who employed them not only could not
make a valid contract, but actually never did employ them as their
attorneys, and they certainly cannot enforce a lien against persons
who never employed them to attend to the litigation. The personal
judgment against Susan Cundiff, administrator of W. P. Cundiff
and Marcus Engle, and W. B. Cundiff, administrator of George
Warden, is *affirmed,* but the judgment which seeks a sale of the
lands of the four female appellants whose husbands employed appel-
lees to resist the probate of the will of J. B. Cundiff is *reversed,* and
cause remanded with directions to dismiss the suit. Appellees are

entitled to costs in this court against the appellants who are parties to the personal judgment, which is affirmed by this opinion, and the other appellants will recover their costs in this court.

*F. P. Strauss, for appellants.   Moss & Rodman, for appellees.*